## STATEMENT OF BASIS OF APPELLATE JURISDICTION

This matter is before the United States District Court for the Eastern District of Pennsylvania on appeal from a November 22, 2005 Order of the Bankruptcy Court denying counsel for appellant/debtor, Shekima Lewis', Motion to Approve the Distribution of Pre-Confirmation Payments Held by the Chapter 13 Standing Trustee to Debtor's Counsel for Outstanding Legal Fees.   The District Court has Appellate Jurisdiction pursuant to 28 <u>U.S.C.</u> 158 (a) (1) granting the District Courts' Appellate Jurisdiction over final judgments, orders and decrees of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under 28 <u>U.S.C.</u> 157 and <u>Bankruptcy Rules of Procedure</u> 8001, <u>et. seq</u>. allowing for the manner of taking appeals to the District Court from the Bankruptcy Court.

## APPLICABLE STANDARD OF APPELLATE REVIEW

Initially, <u>Bankruptcy Rule of Procedure</u> 8013 provides that:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard.   <u>In re Brown</u>, 951 F.2d 564 (3rd Cir. 1991); <u>Resyn Corp. v. U.S.A.</u>, 851 F.2d 666 (3rd Cir. 1989); <u>J.P. Fyfe, Inc., v Bracko Supply Corp.</u>, 891 F. 2d 66 (3rd Cir. 1989); <u>In re Graves</u>, 33 F.3d 242 (3rd Cir. 1994).  In defining the term "clearly erroneous" the United States Supreme Court has stated that a finding is clearly erroneous when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conclusion that a mistake has been committed.  United States v. U.S. Gypsum Co., 333 U.S. 364, 395; 68 Sup. Ct. 525, 542; 92 L. Ed 746 (1948).

The Bankruptcy Court's conclusions of law are subject to *de novo* or plenary review.  In re Brown, 951 F.2d 564 (3rd Cir. 1991); J.P. Fyfe, Inc., supra.

Mixed questions of law and fact must be divided into their respective components and appropriate tests applied.  In re Brown, supra., 951 F.2d at 567; In re Sharon Steel Corp, 871 F.2d 1217, 1222 (3rd Cir. 1989).

## STATEMENT OF THE ISSUE PRESENTED

1. Whether the Bankruptcy Court, in denying counsel's Motion to Approve Distribution of Pre-Confirmation Payments Held by the Chapter 13 Standing Trustee to Debtor's Counsel for Outstanding Legal Fees, erred in its determination that the pre-confirmation funds held by the Chapter 13 Standing Trustee shall not be distributed to appellant/debtor's counsel for outstanding legal fees owed, notwithstanding the fact that the appellant/debtor and appellant/debtor's counsel pre-contracted for their remaining attorney's fees to derive from debtor's Trustee payments, even if the case was dismissed prior to confirmation.

## NATURE OF THE CASE

Debtor, Shekima T. Lewis (hereinafter referred to as "appellant/debtor") filed a Chapter 13 Bankruptcy Petition on or about December 20, 2004.   The Chapter 13 Standing Trustee, William C. Miller, filed a Motion to Dismiss the case due to appellant/debtor's failure to commence making Trustee payments.   This motion was withdrawn as appellant/debtor made a payment of $140.00 to her Trustee prior to the court hearing.   The Chapter 13 Standing Trustee filed a second Motion to Dismiss the case due to appellant/debtor's failure to continue making timely payments to her Trustee. Appellant/debtor made a second payment in the amount of $280.00 to the Trustee prior to the court hearing.   However, as she was still in arrears, her Chapter 13 case was dismissed.

Counsel for appellant/debtor filed a motion to approve the distribution of pre-confirmation payments held by the Chapter 13 Standing Trustee to appellant/debtor's counsel for outstanding legal fees.   The Trustee opposed the motion.   The Bankruptcy Judge denied appellant/debtor's motion citing Bankruptcy Code Section 349(b)(3) which provides that dismissal of a bankruptcy case "reverts the property of the estate in which such property was vested immediately before the commencement of the case. . . ."   The Bankruptcy Judge did not cite 11 U.S.C. §§ 1326(a)(2) or 503(b)(2) which, when read in conjunction, mandate that administrative expenses, including attorney's fees, be paid by the Trustee before returning the funds on hand to the debtor.

## COURSE OF THE PROCEEDINGS

Appellant/debtor filed this Chapter 13 Bankruptcy petition on or about December 20, 2004.   On January 30, 2005, the first meeting of creditors was held pursuant to 11

U.S.C. §341(a); no creditors appeared.  On March 24, 2005, the Trustee filed a Motion to Dismiss the appellant/debtor's case.  On April 12, 2005, said hearing was held and the motion was withdrawn.  Thereafter, confirmation of appellant/debtor's Chapter 13 Plan was scheduled for May 24, 2005.  At that time, the confirmation hearing was adjourned until June 28, 2005, to allow the Trustee an opportunity to file another Motion to Dismiss the appellant/debtor's case, as the appellant/debtor was again in arrears to her Chapter 13 Trustee.  Said Motion was filed on June 8, 2005, with a scheduled hearing date of June 28, 2005.  Since that time, appellant/debtor's confirmation and motion to dismiss hearings have been adjourned several times, primarily to allow the appellant/debtor an opportunity to become current with her Trustee payments, and to address the issue regarding the distribution of pre-confirmation payments made by appellant/debtor to the Trustee.

Counsel for appellant/debtor filed a motion to approve the distribution of pre-confirmation payments held by the Chapter 13 Standing Trustee to appellant/debtor's counsel for outstanding legal fees.  This motion was scheduled to be heard on November 1, 2005.  Prior to this hearing, counsel for appellant/debtor filed a brief in support of their claim that the Trustee has the authority to disburse pre-confirmation payments to appellant/debtor's counsel in satisfaction of outstanding legal fees as an administrative expense claim pursuant to Bankruptcy Code §§1326(a) and 503(b).  On November 1, 2005, the hearing was adjourned to a later date.

On November 22, 2005, the Bankruptcy Judge heard oral argument on counsel for appellant/debtor's motion to approve the distribution of pre-confirmation payments held by the Chapter 13 Standing Trustee to appellant/debtor's counsel for outstanding legal

fees.   The Bankruptcy Judge denied counsel's motion.   Ultimately, the case was dismissed, and the order dismissing the case was entered on November 22, 2005. Appellant/debtor's chapter 13 plan was never confirmed prior to dismissal.

Counsel for appellant/debtor filed the instant appeal on December 1, 2005. Additionally, counsel for appellant/debtor filed a motion requesting that the Standing Chapter 13 Trustee, William C. Miller, be directed to hold all pre-confirmation funds on hand pending appeal.   This motion is scheduled to be heard January 17, 2006.

## STATEMENT OF FACTS

Appellant/debtor hired the Law Firm of Jenkins and Clayman to represent her with regard to Chapter 13 proceedings.   At the outset of the attorney client relationship, appellant/debtor and counsel for appellant/debtor signed a fee agreement, wherein she agreed to pay Jenkins and Clayman a legal fee of $1,986.00 to represent her with respect to her Chapter 13 bankruptcy, as well as the $194.00 filing fee required by the Bankruptcy Court.   Appellant/debtor paid $500.00 up front for the filing of her Chapter 13.   The agreement stated that the remaining balance due to counsel, after the filing fee was paid, shall be paid through the Chapter 13 plan by making trustee payments.

It was understood that, even if appellant/debtor's case was dismissed, any remaining funds held by the Trustee would be paid to appellant/debtor's attorney to satisfy, even if only partially, the agreed upon fee.   The unpaid balance due to counsel is $1,680.00 (The $1,986.00 plus the $194 for the filing fee represents the attorney fee. Subtracted by the $500 paid by appellant/debtor equals the remaining balance due of $1,680.00.).   Appellant/debtor's Chapter 13 Plan provides for payment to Jenkins and Clayman, as an administrative priority expense claim, in the amount of $1,680.00, plus

5

all other court approved fees and costs.

Currently, the Trustee is holding funds in the amount of $420.00 that were paid by the appellant/debtor to the Trustee pending confirmation of her chapter 13 plan. Appellant/debtor's bankruptcy was dismissed on November 22, 2005.  The case was dismissed prior to the Trustee making any disbursements to appellant/debtor's counsel or creditors as appellant/debtor's plan was never confirmed.  An order was signed by the Bankruptcy Judge simultaneously with the order of dismissal denying appellant/debtor's counsel an award of attorney's fees and expenses to be paid from the funds on hand held by the Trustee.

## LEGAL ARGUMENT

I.   THIS COURT SHOULD REVERSE THE BANKRUPTCY COURT'S HOLDING BECAUSE THE COURT ERRED WHEN IT HELD THAT UPON DISMISSAL OF A CHAPTER 13 CASE PRIOR TO CONFIRMATION THE FUNDS ON HAND HELD BY THE CHAPTER 13 TRUSTEE REVERT TO THE DEBTOR WITHOUT OPPOPRTUNITY FOR COUNSEL'S FEE APPLICATION TO BE CONSIDERED.

A.   The Bankruptcy Court should have considered that Section 349(b)(3) permits the court to condition the dismissal order for cause to halt the reversion of property held by the Trustee to the appellant/debtor.

When a bankruptcy is dismissed, the court has the authority to condition the dismissal order to stop the reversion of the bankruptcy estate to the debtor; the Bankruptcy Court erred in failing to do so.  Section 541 of the Bankruptcy Code states that the commencement of a bankruptcy case creates an estate that comprises all legal and equitable interests of the debtor in property as of the date the bankruptcy case is commenced.  *See* 11 U.S.C. § 541(a).  In a Chapter 13 case, property of the estate

6

includes, in addition to the property described in Section 541, all property acquired by the debtor post-petition and all post-petition earnings of the debtor.  *See* 11 U.S.C. § 1306; *See also* In re Doherty, 229 B.R. 461, 462-63 (Bankr.E.D.Wash.1999).

The dismissal of a bankruptcy case revests the property of the estate in the party that owned it prior to the filing of the petition, "**unless the court for cause, orders otherwise**." 11 U.S.C. § 349(b)(3).  (emphasis added).  Once a Chapter 13 case is dismissed, the Court's jurisdiction over the Chapter 13 trustee or former estate funds that he holds does not automatically terminate.  In re Doherty, 229 B.R. at 464.  Even after a case is dismissed, the Trustee must still administer the administrative claims pursuant to Sections 1326(a) and 503(b).  11 U.S.C. § 1326(a)(2).

The case of In re Deluca, 142 B.R. 687 (Bankr.D.N.J. 1992) is instructive.  The issue in this case was whether federal taxing authorities could levy upon the funds held by the Chapter 13 trustee after the dismissal of the debtor's bankruptcy case.  Id.  The Court concluded that 11 U.S.C. §349(b)(3) grants the Court authority to retain jurisdiction beyond the dismissal order for the limited purpose of satisfying the administrative expense claims, in this case counsel fees,  that were incurred during the pendency of the Chapter 13 proceeding.  In re Deulca, 142 at 687.[1]  There is no requirement that the dismissal order specifically state that the court is retaining jurisdiction for the court to hear and determine administrative expense issues.  In re Doherty, 229 B.R. at 464.  This is implied by the Bankruptcy Code through Section 1326(a), which directs the trustee to complete administration of the case and file a final report after a case is dismissed prior to closing the case.  In re Doherty, 229 B.R. at 464

---

[1] *But See* In Re M.O.D., Inc., 170 B.R. 465 (Bankr.M.D.Alabama 1994) (holding that upon dismissal of a Chapter 11 case, property of the estate revests in the debtor upon dismissal where the debtor's attorney did not request the court to alter the terms of the dismissal order).

(citing In re Ethington, 150 B.R. 48 (Bankr.D.Idaho 1993)); *See* 11 U.S.C. §§ 1326(a) and 503; *See also* 11 U.S.C. § 704(9).

In the instant case, there is no dispute that the funds on hand represent post-petition payments to the Trustee by the appellant/debtor.  Further, we do not dispute that upon dismissal of the case the funds revest with the appellant/debtor.  However, we contend that the revestment of the funds in the appellant/debtor is not immediate or automatic.

This is evidenced in the language of Section 349(b)(3) that permits the Court to condition the terms of the dismissal "for cause," thereby preventing the estate from revesting in the appellant/debtor upon dismissal.  The Bankruptcy Court in its opinion overlooked this authority, and erred in failing to exercise its clear statutory right to find "cause" to prevent the estate from revesting in the appellant/debtor immediately upon dismissal for the purpose of allowing the appellant/debtor's administrative expense claims to be paid.  Counsel for appellant/debtor did request that the Court retain jurisdiction in the dismissal order for this limited purpose, even though this was not required as the Court's jurisdiction extends post dismissal for this purpose.  However, the Bankruptcy Court erroneously denied this request of counsel without setting forth its reasoning in the opinion.

Additionally, prior to the funds being returned to the appellant/debtor, the Chapter 13 Trustee must complete his administration of the case pursuant to Sections 1326(a) and 503.  Once counsel's administrative claim is awarded in accordance with Section 503(b), then and only then should the remaining funds in the Trustee's possession be disbursed to the appellant/debtor.   Although, for the reasons stated below, counsel for the

appellant/debtor has not submitted a fee application yet, the Bankruptcy Court retains jurisdiction post dismissal to consider the proper distribution of the former estate funds that the Trustee holds.

The Bankruptcy Court addressed in its opinion that counsel failed to properly apply to the Court for fees.  Counsel for appellant/debtor is aware that if they wish to be paid from the money held by the Trustee that we need apply for this allowance of fees in the manner prescribed by the Code.  However, counsel for appellant/debtor is also aware that it is not the practice in this jurisdiction to consider or rule upon fee applications unless and until a plan is confirmed.  It is for this reason, in the instant case, that counsel for appellant/debtor did not file a fee application pursuant to Federal Rule of Bankruptcy Procedure 2016(a) and Local Bankruptcy Rule 2016-1, 2016-2 and 2016-3.  Counsel for appellant/debtor will file a fee application immediately upon successful prosecution of this appeal.

B.     The Bankruptcy Court should have looked to the plain language of Bankruptcy Code Sections 1326(a)(2) and 503(b)(2) which mandate that administrative expenses, such as attorney's fees, be paid by the trustee before returning the funds on hand to the debtor.

As previously stated, counsel for appellant/debtor does not dispute that the funds revest in the debtor upon dismissal pre-confirmation; however, the Bankruptcy Court erred in failing to take into account that the restrictions imposed by Section 1326(a)(2) must be complied with prior to the funds being returned to the appellant/debtor.  The Bankruptcy Code expressly provides under Section 1326(a) that "a payment made under

this subsection shall be retained by the trustee until confirmation or denial of a plan.  If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable.  If a plan is not confirmed, the trustee shall return any such payment to the debtor, **after deducting any unpaid claim allowed under section 503(b) of this title**."  11 U.S.C.1326 (a)(2) (emphasis added).

Section 503(b)(2) provides "after notice and a hearing, there shall be allowed administrative expenses . . . including compensation and reimbursement under section 330(a) of this title. . ."  11 U.S.C. § 503(b)(2).  Section 330(a)(4)(B) provides that the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor.  11 U.S.C. §330(a)(4)(B).  Thus, an award of compensation to the attorney for a Chapter 13 debtor plainly constitutes "compensation under section §330(a)," which in turn qualifies the award as an expense of administration under Section 503(b) of the Bankruptcy Code.

Since §1326 directs the trustee to deduct "**any unpaid claim allowed under section 503(b)**" before returning funds to the debtor, it follows that the approved compensation may, and indeed should, be paid by the Chapter 13 trustee before returning funds to the debtor.  In re Oliver, 222 B.R. 272, 274 (Bankr.E.D.Va.1998) (directing the trustee to pay approved fees of debtor's counsel from funds on hand but to return balance to debtor notwithstanding a garnishment of those funds by a judgment creditor). 8 Lawrence P. King, ed., Collier on Bankruptcy ¶ 1326.03 at 1326-7 (15th ed. rev. 2000) ("If the court has approved attorney's fees for the debtor's counsel, such fees would also be claims under section 503(b), and must be paid by the trustee before the balance of

funds are returned to the debtor.").

The overwhelming majority of courts hold that the plain language of Section 1326 requires the trustee to return payments to the debtor in cases where a case has been dismissed and not confirmed.  These courts refer to the rule of statutory construction enunciated in United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct.1026,103 L.Ed.2d 190(1989), holding that courts must look to the plain meaning of the statute and should go beyond the literal meaning only if the outcome would be contrary to the intentions of the drafters.  *See* In re Oliver, 222 B.R. at 273-274; In re Walter, 199 B.R. 390, 391-92 (Bankr.C.D.Ill.1996); In re Clifford, 182 B.R. 229 (Bankr.N.D.Ill.1995); In re Brown, 280 B.R. 231 (Bankr.E.D.WI. 2002).   By the statutes clearly expressed terms, Section 1326(a)(2) directs the Chapter 13 trustee to return post-petition payments to the debtor if the plan is not confirmed.   In re Oliver, 222 B.R. at 273.  The statute provides one exception to this general rule, which permits the trustee to deduct and pay any administrative expense claims arising under Section 503(b).  Id.  It does not appear that a literal application of Section 1326(a)(2) defeats the purpose of the Bankruptcy Code.   The Bankruptcy Code reflects a congressional intent to make attractive and thus, encourage filing of voluntary Chapter 13 petitions. Smith v. Strickland, 178 B.R. 524, 527 (Bankr.M.D.Fla.1995).

Section 1326(a)(2) is clear and unambiguous, therefore, its dictates must be followed.  Section 1326(a)(2) imposes an affirmative duty on the Standing Chapter 13 Trustee, that if a plan is not confirmed, all payments must be returned to the appellant/debtor, less any administrative expense claims pursuant to Section 503(b). Therefore, before the funds are returned to the appellant/debtor, the Chapter 13 Trustee

must complete the administration of the case, including making payments for expenses related to the administration of the estate.

The Bankruptcy Court erred in failing to look to the proper construction of the relevant code sections.   Reading sections 1326(a)(2), 503(b)(2) and 330(a)(4)(B) together, leads to the conclusion that counsel for appellant/debtor's fees and expenses are administrative expenses that are properly payable by the Trustee prior to the return of the remaining funds to the debtor.

Appellant/debtor's Chapter 13 plan provided for an administrative expense claim to be paid to counsel's law firm, Jenkins and Clayman, in the amount of $1,680.00, plus all other court approved fees and costs.   Further, it was understood between counsel and appellant/debtor that this fee would be paid to counsel through the appellant/debtor's plan payments.   As Section 503(b) expressly includes compensation for reimbursement awarded under Section 330(a) such as reasonable compensation for actual and necessary services rendered by an attorney, the Trustee must pay our claim for attorney's fees prior to returning the funds to the appellant/debtor.   Accordingly, the Trustee is required to pay counsel's administrative expense claim, to the extent possible, out of the $420.00 he is holding in partial satisfaction of our fees.   The Bankruptcy Court erred in failing to so order the Trustee.

II.     **THIS COURT SHOULD REVERSE THE BANKRUPTCYCOURT'S HOLDING BECAUSE THAT COURT ERRED WHEN IT FAILED TO TAKE INTO ACCOUNT THAT DIRECTING THE TRUSTEE TO RETURN ALL FUNDS ON HAND TO THE DEBTOR RUNS COUNTER TO PUBLIC POLICY THAT ATTORNEY'S SHOULD BE ADEQUATELY COMPENSATED FOR THEIR SERVICES.**

The Bankruptcy Court held that although appellant/debtor's counsel may

encounter difficulty in collecting the unpaid portion of their fees in dismissed Chapter 13 cases; it is inappropriate to compel the Chapter 13 Trustee, and invite the Court, to join the fee collection process.   Public policy and practical considerations support our interpretation of the Code that urges this Court to direct the Bankruptcy Court to require the Trustee to disburse funds on hand to appellant/debtor's counsel as an administrative expense pursuant to Section 503(b), even if the plan is never confirmed.   Often times, debtor's counsel has to perform extensive front-end services in an effort to have a case confirmed.   These services include, the preparation of the Chapter 13 petition, schedules and plan, preparation for the Section 341(a) meeting of creditors, attending the 341(a) meeting, obtaining documents for the Trustee as a result of the 341(a) meeting, amending schedules and the plan in preparation for confirmation, and attending Trustee's Motions' to Dismiss and Motions for Relief from the Automatic Stay.   Counsel may perform any and all of the above enumerated services before a case even reaches its confirmation date, which is usually several months from the date of filing.

If counsel is not adequately compensated for these services, the end result will have a chilling effect on bankruptcy practioners throughout the Commonwealth of Pennsylvania.   Failure of attorneys to receive adequate payment for their services will eventually lead attorney's to leave the field of bankruptcy law, leaving the least qualified attorneys (or worse yet, non-attorney petition preparers) to represent debtors.   This will result in substandard representation of debtors, who are, quite often, fairly unsophisticated individuals.   Unfortunately, these are the individuals who easily fall prey to unskilled practioners who make unrealistic promises, but lack the ability or means to follow through on such promises. The innocent debtor then becomes a victim who is set

13

up for failure.

Often when a potential client has reached the point where he or she needs to file bankruptcy, it is doubtful that this individual is in a position to pay the attorney's entire fee in advance of the filing of the bankruptcy petition.  As a courtesy, debtor's counsel may (as was the case here) require the client to pay only a small portion of the entire fee to prepare and file the voluntary petition and schedules, attend the 341(a) meeting of creditors, and all hearings prior to confirmation, with the expectation that the remaining balance of the legal fees will be paid through the debtor's chapter 13 plan payments.  However, if a debtor's case is dismissed prior to confirmation, and debtor's counsel is not awarded fees from the funds on hand, the incentive for counsel to be as zealous an advocate for the next client is diminished with the knowledge that counsel's hard work will not be compensated.  In fact, the scenario outlined above is likely to ensue, ultimately harming an entire class of individuals who seek competent legal representation.

Upon dismissal of the case, the debtor and the  Trustee stand respectively in a creditor-debtor relationship where the Trustee owes the debtor the funds previously paid in contemplation of funding a Chapter 13 plan.  Indeed, counsel for the appellant/debtor submits that the obligation of the Trustee to turn the funds over to the debtor pursuant to Section 1326 upon dismissal of the case is no different or more burdensome than the Trustee's obligation to pay creditor's claims under a confirmed plan or through the liquidation of the debtor's estate.  The Trustee and the Bankruptcy Court failed to cite any compelling reason why directing the Trustee to pay counsel's fees out of the funds on hand is any more burdensome than either returning the funds to the appellant/debtor, or

14

as stated above, to disbursing claims under a confirmed plan.  Under either scenario, the Trustee is simply drafting a check and mailing it to the debtor's creditors or to debtor's counsel.

Counsel does not suggest that the Trustee bear the burden of determining whether such fees are reasonable and necessary.  Instead, it is counsel's position that the debtor and the attorney should be permitted to pre-contract for their remaining fees to derive from debtor's Trustee payments, even if the case is dismissed prior to confirmation. Here, the appellant/debtor signed such an agreement.  Public policy and the clear mandates of the Code favor the Trustee holding the funds on hand to distribute them to counsel for appellant/debtor in accordance with Section 503(b) as an administrative expense, prior to returning them to the appellant/debtor.

## CONCLUSION
### RELIEF SOUGHT

For all the foregoing reasons, it is respectfully requested that this Honorable Court reverse the Bankruptcy Court Judge's denial of counsel for appellant/debtor's motion to approve the distribution of pre-confirmation payments held by the Chapter 13 Standing Trustee to appellant/debtor's counsel for outstanding legal fees.

Respectfully submitted,

Jenkins & Clayman
Attorneys for Appellant/Debtor

By: ____/s/Stephanie F. Ritigstein_____
    Stephanie F. Ritigstein, Esquire