UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY NO. 04-36778 KJC |
| | : | |
| SHEKIMA T. LEWIS | : | |
| | : | |
| | : | CIVIL ACTION |
| Debtor | : | No. 05-6780 |

BRIEF OF APPELLEE

WILLIAM C. MILLER
Attorney for Appellee

Office of Chapter 13 Standing Trustee
Suite 583 - The Bourse Building
111 E. Independence Mall East
Philadelphia, PA 19106-2515
215-627-1377

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CITATIONS | ii |
| SUMMARY | 1 |
| LEGAL ARGUMENT | 2 |
| CONCLUSION | 6 |

# TABLE OF CITATIONS

|  | PAGE |
|---|---|
| **CASES** | |
| In re Harris, 258 B.R. 8 (Bankr. D. Idaho 2000) | 3 |
| In re Marin, 256 B.R. 503 (Bankr. D. Co. 2000) | 3 |
| In re Deluca, 142 B.R. 687 (Bankr.D.N.J. 1992) | 4 |
| In re Oliver, 222 B.R. 272 (Bankr. E.D.Va 1998), | 4 |
| **STATUTES** | |
| 11 U.S.C. Section 349(b) | 2 |
| 11 U.S.C. Section 1326(a)(2) | 2 |
| 11 U.S.C. Section 503(b) | 2 |
| 11 U.S.C. Section 330(a)(4)(B) | 2 |
| **OTHER** | |
| Pennsylvania Rules of Professional Conduct | |
|     Preamble: A Lawyer's Responsibilities, item [2] | 4 |
|     Rule 1.3 Diligence, item [1] | 4 |

## SUMMARY

Appellee contests neither appellant's Statement of the Basis of appellate Jurisdiction, nor appellant's Applicable Standard of Appellate Review.

Regarding appellant's Statement of the Issue Presented, appellee does not believe that the alleged fact that "the appellant/debtor and appellant/debtor's counsel pre-contracted for their remaining attorney's fees to derive from debtor's Trustee payments, even if the case was dismissed prior to confirmation" has been established on the record.

With respect to the allegations in appellant's Nature of the Case, appellee does not agree with the conclusion in the second paragraph to the effect that "11 U.S.C. §§ 1326(a)(2) or 503(b)(2) which, when read in conjunction, mandate that administrative expenses, including attorney's fees, be paid by the Trustee before returning the funds on hand to the debtor." On the contrary, while these sections may provide for the possibility of attorneys' fees being construed as administrative expenses, there is no mandate for the payment thereof.

Appellee does not contest the allegations in appellant's Course of the Proceedings.

Regarding appellant's Statement of Facts, appellee contests the allegation, in the second paragraph, that "It was understood that, even if appellant/debtor's case was dismissed, any remaining funds held by the Trustee would be paid to appellant/debtor's attorney to satisfy, even if only partially, the agreed upon fee." There is no proof of such allegation on the record.

Appellee contests appellant's Legal Argument, and requests that the Order of the Bankruptcy Court, denying appellant an award of counsel fees and expenses to be paid from debtor's funds held by the standing trustee, be sustained.

## LEGAL ARGUMENT

**I. THIS COURT SHOULD NOT REVERSE THE BANKRUPTCY COURT'S HOLDING BECAUSE THE COURT DID NOT ERROR WHEN IT HELD THAT UPON DISMISSAL OF A CHAPTER 13 CASE PRIOR TO CONFIRMATION THE FUNDS ON HAND HELD BY THE CHAPTER 13 STANDING TRUSTEE REVERT TO THE DEBTOR.**

The Bankruptcy Court's decision was not clearly erroneous on the facts, and its conclusions of law were correct. It is clear from the provisions of 11 U.S.C. Section 349(b) that dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Therefore, the funds in the possession of the standing trustee revested in the debtor upon dismissal.

Section 1326(a)(2) provides, in pertinent part, as follows:

> ...If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

Section 503(b) provides, in pertinent part, as follows:

> After notice and a hearing, there shall be allowed administrative expenses ...including - ...(2) compensation and reimbursement awarded under section 330(a) of this title...

Section 330(a)(4)(B) provides as follows:

> In a chapter 12 or a chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Other factors set forth in section 330 include the time spent [330 (3)(A)], the rates [330(3)(B)], and reasonableness based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [330(3)(F)].

Therefore, on the surface, the Bankruptcy Code does appear to lay the groundwork for counsel to submit fee applications and to be paid under circumstances in which a case is not confirmed.[1]

---

[1] The standing trustee takes no position whether and under what circumstances, if any, fee petitions in unconfirmed cases should be entertained.

2

In interpreting the interaction of these provisions, courts have found that under certain circumstances, debtors' counsel may be able to get fees paid as an administrative expense in a case dismissed before confirmation. See, for example, In re Harris, 258 B.R. 8 (Bankr. D. Idaho 2000), at page 11,

> The plain language of the statute, then, provides a road map to a Chapter 13 debtor's attorney seeking payment from the trustee for services provided in connection with the case, upon dismissal of the case without confirmation of a plan: after compliance with the application and allowance process envisioned by Section 503(a), the attorney can be paid from undistributed funds held by the Chapter 13 trustee before those funds are returned to the debtor.

However, what has occurred in the instant case does not comply with the foregoing strictures of the Bankruptcy Code. As the Bankruptcy Court noted, "Debtor's counsel has filed no fee application in this case." See Bankruptcy Court Opinion, page 3.

The basis of appellant's request for payment is not entirely clear, but the following reference is made in Appellant's Brief, at page 5: "It was understood that, even if appellant/debtor's case was dismissed, any remaining funds held by the Trustee would be paid to appellant/debtor's attorney to satisfy, even if only partially, the agreed upon fee."

It is unclear whether that "understanding" was part of the written "fee agreement", or whether there was a separate written agreement between the parties on that specific issue, or whether there was an oral agreement that such would occur upon the case's being dismissed. No written agreement has been made part of the record.

What is clear is that appellant's request, that it simply be paid the remainder of any funds being held by the standing trustee based on any such "understanding", is not what is contemplated by the Bankruptcy Code excerpts set forth above. There is no mention by appellant of the benefit and necessity of the services, the time spent, the rates, or the reasonableness. In effect, appellant appears to be requesting that the Court recognize and validate a purported agreement between appellant and its client, simply because the existence of such an agreement has been asserted.

With regard to the practice of having debtors sign letters, assignments or other authorizations permitting debtors' counsel the right to obtain any refund of plan payments upon dismissal of an unconfirmed case, the court in In re Marin, 256 B.R. 503 (Bankr. D. Co. 2000), expressly disapproved of such practice, and noted that "No fee application had ever been filed. Accordingly, there were no orders entered by the Court under section 330 of the Code allowing fees in this estate." Id., at 506.

The Bankruptcy Court in the instant case, correctly, makes it clear that once the funds are returned to debtor, counsel is free to enforce its purported agreement with debtor. If debtor concurs that she owes the money to counsel, she may even voluntarily turn such funds over to

3

counsel. However, that is not an arrangement over which the Bankruptcy Court should exercise control or authority.[2]

Several of the cases cited by appellant should also be mentioned. While the timing is not entirely clear from the opinion, it appears that debtor's counsel (who was the same counsel as in the instant matter) had filed a fee application prior to dismissal of the case in In re Deluca, 142 B.R. 687 (Bankr.D.N.J. 1992), which fees were ultimately approved by the court, while it voided a post-dismissal levy on the funds by the Internal Revenue Service.

Similarly, in In re Oliver, 222 B.R. 272 (Bankr. E.D.Va 1998), the court held that as between an attorney who had its fees and expenses approved at the same time as dismissal and a creditor which had filed a garnishment action subsequent to dismissal, the trustee should pay the attorney, but that any remaining funds should be returned to the debtor. Again, the important point is that debtor's counsel apparently submitted a fee application, and "The court determined that the attorney's fees and expenses were reasonable, necessary and benefitted the debtor in connection with the bankruptcy case." Id., at page 274.

In the instant case, appellant appears to be arguing that its purported "understanding" with debtor provides sufficient basis, in and of itself, for the trustee to be directed to pay the balance of funds to it. This proposition is not supported by the cases cited.

## II. THIS COURT SHOULD NOT REVERSE THE BANKRUPTCY COURT'S HOLDING ON PUBLIC POLICY GROUNDS WITH RESPECT TO THE ALLEGED ADEQUATE COMPENSATION FOR CHAPTER 13 DEBTORS' COUNSEL.

Appellant argues that if debtors' counsel are denied adequate compensation, that denial will have a chilling effect on counsel's willingness to take such cases. Further, "if a debtor's case is dismissed prior to confirmation and debtor's counsel is not awarded fees from the funds on hand, the incentive for counsel to be as zealous an advocate for the next client is diminished with the knowledge that counsel's hard work will not be compensated." Appellant's Brief, at page 14.

While that may be appellant's candid admission to the Court, that "likely" scenario is contrary to the Pennsylvania Rules of Professional Conduct. See, for example, Preamble: A Lawyer's Responsibilities, item [2], "...As advocate, a lawyer zealously asserts the client's position under

---

[2] It had been the practice in this district for the chapter 13 trustees to honor written "assignments" executed by debtors, which confirmed that any funds remaining in the trustees' possession at pre-confirmation dismissal be returned to debtors' counsel. In this circumstance, the practice had evolved that refund checks, drawn to the order of the debtors (not their counsel), would be sent by the trustees to the debtor's counsel (not the debtors). Further actions with respect to the refunds were left to debtors and their counsel.

Based on potential abuse of this policy, and the holding of In re Marin, supra, the trustees advised debtors' counsel, in early summer 2005, that they would no longer honor such "assignments", absent court order.

4

the rules of the adversary system..." See also Rule 1.3 Diligence, item [1], "A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf."

If appellant or any debtors' counsel believe that their responsibilities to their current clients may be compromised by their determination that they were under-compensated by a previous client, then counsel should not take such cases, or they should obtain sufficient funds in advance to cover such front-end loaded costs and expenses. It certainly should not result in counsel's less than zealous representation of subsequent debtors, who had nothing to do with counsel's payment issues with prior clients.

Further, appellant's position fails to acknowledge the converse of the instant factual situation. There are undoubtedly cases in which debtors' counsel are fortunate to receive significant portions of their fees prior to the filing of the chapter 13 cases. From a review of 2016(b) statements generally in chapter 13 cases, it would appear that at least in some instances, chapter 13 counsel are able to secure payment, in advance, of the entire fee disclosed by the statement.

In the total universe of chapter 13 cases, some or even many of those cases may be dismissed at varying stages prior to confirmation. In those instances, no fee petition is ruled upon, and counsel generally retains whatever fees were paid up front. Depending upon when, during the course of the case, it was dismissed, that could conceivably result in a windfall of sorts to counsel. That is, counsel has not yet expended that amount of time which would result in a "breakeven" or "loss" from a billable hour standpoint.

While this most certainly does not occur in every such case, it makes sense that debtors' counsel are willing to take chapter 13 cases in which significant payments are not received up front because of counsel's experienced evaluation of the probability of success and because of the possible "windfalls" in other cases which may get dismissed.

In short, these types of things tend to even out over time, if counsel is skilled at selecting those cases which are likely to succeed. If counsel proves unable to do so, then appellant is probably correct that such counsel gravitate to some other area of the law, or accept only those cases in which they are paid a significant portion of their anticipated fee up front.

Appellant does not appear to be suggesting that fee petitions need be filed in every chapter 13 case, whether confirmed or dismissed prior to confirmation, such that the Bankruptcy Court oversees whether counsel are entitled to debtors' refunds in some cases, as alleged in the instant matter, or must disgorge fees in other cases where they have been paid too much, based on how much counsel had done up to the moment when the case got dismissed.

Of course, one of the factors that would have to be considered in such an analysis is the reason

5

for the dismissal, and whether counsel played any role therein. Moreover, if the purpose of chapter 13 is for debtors to reorganize their financial affairs, and if confirmation is not achieved, then aside from whatever delays arise from the imposition of the automatic stay, the case has not been successful. If a case has been unsuccessful, for whatever reason, should the Bankruptcy Court be compelled to determine whether additional fees are justifiable ?

As Judge Carey said in his initial ruling from the bench in this matter on November 22, 2005,

> - - we typically in this district get, you know, 24, 25,000 filings a year.
> And I would bet in the space of that year thousands of cases get dismissed
> before confirmation and that would lead the Court to make some determination
> about what the fee ought to be in these cases dismissed before confirmation.
> I think that as a matter of judicial administration, in this district, in any
> event, that would create a burden I think on the system that would not be
> warranted by counsel's interest in getting paid. And I'm not suggesting
> that the interest is unimportant - - See, Bankruptcy Court Transcript,
> page 9, lines 3 - 12.

In refusing to entertain fee petitions in cases which are not confirmed, judges in this district have provided one answer to that question. Given that the system appears to be working, and counsel continue to offer services to potential chapter 13 clients, it would appear that the answer is the correct one.

## CONCLUSION

For all of the above reasons, appellee respectfully requests that the Bankruptcy Court's Memorandum Order be affirmed in all respects, and that the appeal be dismissed.

January 30, 2006

_____
WILLIAM C. MILLER
Attorney for Appellee

Office of Chapter 13 Standing Trustee
Suite 583 - The Bourse Building
111 E. Independence Mall East
Philadelphia, PA 19106-2515
215-627-1377

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the Brief of Appellee in the foregoing matter on the following parties at the address(es) listed below by first class mail, postage pre-paid on January 30, 2006:

Ms. Shekima T. Lewis
526 Milbank Road
Upper Darby, PA 19082

Stephanie F. Ritigstein, Esquire
Jenkins and Clayman
412 White Horse Pike
Audobon, NJ 08106

Kevin P. Callahan, Esquire
Office of the U.S. Trustee
Eastern District of Pennsylvania
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

*[signature]*
**William C. Miller, Esquire**
**Chapter 13 Standing Trustee**

7